## Case No. 13,147.

### SNOW v. TAPLEY.

[3 Ban. & A. 228;[1] 13 O. G. 548.]

Circuit Court, D. Massachusetts. Feb. 4, 1878.

#### PATENTS—NOVELTY.

The invention claimed in letters patent issued to George K. Snow, December 17. 1872, numbered 134,105, for machine for uniting paper and cloth: *Held,* not invalid for want of novelty.

[This was a bill in equity by George K. Snow against George W. Tapley for the infringement of letters patent No. 134,105, granted to complainant December 17, 1872.]

Chauncey Smith and Benjamin F. Thurston, for complainant.

Charles F. Blake, Edmund Wetmore, and William A. Jenner, for defendant.

SHEPLEY, Circuit Judge. In this case, upon a review of the evidence, I find:

First. That the letters patent issued to complainant, December 17, 1872, numbered 134,105, are not void by reason of any anticipation of the invention therein described by the description in the English letters patent to Eugene Corliss, or by any use proved in the case of the Corliss machine.

Second. That the Gibson machine. set up in the answer of the defendant, was not an abandoned experiment or an abandoned machine. the disuse of the machine for a time, proved in the case, being satisfactorily accounted for by proof of circumstances connected with demand and supply of the product and independent of the efficiency of the mechanism, and, therefore, that the use of the Gibson machine was, and is, open to the defendant.

Third. That a material and essential step in the process of continuously uniting paper and cloth taken from separate rolls or packages. described in the patent of the complainant and in the first claim of the letters patent issued to him. is the process of applying paste or other adhesive material to the cloth alone. by passing the cloth through or past the paste in the manner and by the instru-

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

mentalities described in the specifications and drawings of said patent.

Fourth. I do not find in any contrivance proved to exist prior to Snow's invention, or in any process proved to have been practised prior to the invention of his process or art, any anticipation of Snow's process as a whole, treating his mode of applying the paste to the cloth, as I have in the third clause, as an essential element in his process.

Fifth. I allow the defendant to amend his answer (motion for leave so to do having been made before final argument), to allege that the patentee has forfeited his right to a patent, by allowing the invention to be in public use and on sale in this country for more than two years before the application for the patent was made.

Sixth. An interlocutory decree will be drawn up and submitted to the court in accordance with these findings; the case, after the amended answer is filed, will be opened for the taking of testimony by either party for the space of sixty days thereafter, on the issue solely of prior public use and sale, and no other issue; such amended answer to be filed within ten days.